IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MICHAEL SNELLING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 319-060 |
| ) | |
| JOHNSON STATE PRISON; LT. COMMING; ) | |
| CPT. DOUGLEY; WARDEN WATSON; and ) | |
| OFFICER GIBBS ) | |
| ) | |
| Defendants.[1] ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Autry State Prison in Pelham, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this civil rights case. Because Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.    SCREENING OF THE AMENDED COMPLAINT**

   **A.    PROCEDURAL BACKGROUND**

On September 28, 2018, Plaintiff originally filed this action in the Middle District of Georgia relating to events alleged to have occurred at Autry State Prison in Pelham, Georgia ("ASP"), Baldwin State Prison in Milledgeville, Georgia ("BSP"), and Johnson State Prison in Wrightsville, Georgia ("JSP"). (Doc. no. 1.) On March 22, 2019, United States Magistrate

---

[1] The Court **DIRECTS** the **CLERK** to update the docket in accordance with the caption of this Report and Recommendation, which is consistent with Plaintiff's amended complaint. (Doc. no. 8.)

Judge Thomas Q. Langstaff ordered Plaintiff to amend his Complaint because he had not pleaded sufficient facts to state a claim upon which relief could be granted. (Doc. no. 7.) On April 15, 2019, Plaintiff filed an amended complaint titled "Recast Complaint" and a motion for leave to proceed *in forma pauperis*. (Doc. nos. 8, 9.) On July 30, 2019, United States District Judge Leslie A. Gardner granted Plaintiff's motion for leave to proceed *in forma pauperis* and dismissed without prejudice any potential claims arising out of Plaintiff's treatment at either Autry or Baldwin State Prisons for failure to name any particular prison official at either of those institutions. (Doc. no. 10.) Because the only remaining claims concerned events allegedly occurring at JSP, Judge Gardner transferred this case to the Southern District of Georgia. (Id. at 5.) Thus, the only claims before the Court are those allegedly occurring at JSP.

### B.     FACTUAL BACKGROUND

In his amended complaint, Plaintiff names as Defendants: (1) Johnson State Prison; (2) Lt. Comming; (3) Cpt. Dougley; (4) Warden Watson; and (5) Officer Gibbs. (Doc. no. 8, pp. 1, 4.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On May 23, 2018, Plaintiff began having seizures at JSP which persisted over the course of several days. (Doc. no. 8, p. 5.) During one of these seizures, Plaintiff fell off the bed while being transported to the emergency room, injuring the plate inside his back and neck. (Id.) Plaintiff asserts he did not receive adequate medical treatment for these injuries and has sharp pains up and down his legs and back. (Id.) Plaintiff was transferred from JSP to ASP before he could file a completed grievance to prevent him from suing on the underlying claim. (Id.)

For relief, Plaintiff requests $99, 800 in compensatory damages and injunctive relief.

**C.      DISCUSSION**

**1.      Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement'

3

possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, this liberal construction does not mean that the Court has a duty to re-write the complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Valid Claim against any Defendant

The Eleventh Circuit has held that a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with the purported constitutional violation.  Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").  Plaintiff's only mention of Defendants is in his defendant list.  (Doc. no. 8, pp. 1, 4.)  Because Plaintiff alleges no facts regarding any of the named Defendants anywhere in his amended complaint, he fails to state a claim against these Defendants.

Additionally, JSP is not a proper party because jails and prisons are not legal entities subject to liability in § 1983 claims.  See Jamelson v. Unnamed Defendant, No. CV 617-103, 2017 WL 6503630, at *2 (S.D. Ga. Dec. 19, 2017) (holding "Georgia State Prison . . . is not a separate legal entity capable of being sued"), *adopted by* 2018 WL 616142 (S.D. Ga. Jan. 29, 2018); Parks v. Georgia, No. CV 517-047, 2017 WL 2930832, at *3 (S.D. Ga. July 10, 2017) (holding "penal institutions . . . are generally not considered legal entities subject to suit"); see also Brannon v. Thomas Cty. Jail, 280 F. App'x. 930, 934 n.1 (11th Cir. 2008)

4

(noting Thomas County Jail is not entity capable of being sued under Georgia law). Appropriate parties for suit under § 1983 included "persons" who participated in the alleged violation. See 42 U.S.C. § 1983 (subjecting only "persons" to liability); Ga. Insurers Insolvency Pool v. Elbert Cty., 368 S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue") (quotations omitted).

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 24th day of September, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA